IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **CHRISTOPHER CHIN-YOUNG,** | * | |
| Plaintiff, | * | |
| v. | * | Case No. RWT 13-cv-3772 |
| **JOHN M. MCHUGH,** *et al.*, *Secretary, Department of the Army,* | * | |
| Defendants. | * | |

## MEMORANDUM OPINION AND ORDER

This is an employment discrimination case in which Plaintiff Christopher Chin-Young was terminated from his employment as an Army Civilian Employee working at Fort Belvoir, Virginia. ECF No. 8-1, at 2. On May 19, 2011, Chin-Young entered into a settlement agreement with the Department of the Army during the pendency of his case before the Merit Systems Protection Board ("MSPB"), and the matter was dismissed. *See* ECF No. 8-3 (Settlement Agreement). In the present action, initiated on December 13, 2103,[1] Chin-Young attempts to reinstate all of his claims previously resolved by the settlement agreement, alleging he was coerced into entering into the agreement. ECF No. 2. Defendants moved to dismiss for lack of subject matter jurisdiction and failure to state a claim pursuant to Federal Rule of Civil Procedure 12. ECF No. 8. No response has been filed.

### BACKGROUND

Chin-Young was employed as a Supervisory Program Analyst at the U.S. Army Contracting Command, National Capitol Region. ECF No. 8, at 5. His first-level supervisor was

---

[1] Chin-Young has filed three amended complaints in this action, although he is only entitled to file one as a matter of course. Fed. R. Civ. P. 15(a)(1). As Chin-Young neither requested leave of the Court nor the Defendants' written consent, his second and third amended complaints shall be dismissed. This Memorandum Opinion and Order shall refer to the first amended complaint. *See* ECF No. 2.

Denise Price, and his second-level supervisor was Kathleen Cole. ECF No. 2, at 6. On January 18, 2011, Chin-Young was removed from his position as a Supervisory Program Analyst, which he appealed to the MSPB asserting that his removal was the result of procedural error; prohibited discrimination on the bases of race, color and national origin; and protected whistleblowing activity. *Id.* at 3–4.

On May 19, 2011, before the MSPB reached the merits of his appeal, Chin-Young entered into a settlement agreement wherein he agreed to waive all claims regarding his removal and all pending Equal Employment Opportunity ("EEO") complaints related to earlier disciplinary actions, in exchange for the Army cancelling his removal, ridding his record of prior disciplinary actions and performance evaluations, and providing a neutral employment reference. *See* ECF No. 8-3 (Settlement Agreement). The MSPB administrative judge entered the agreement into the MSPB record and dismissed Chin-Young's appeal. ECF No. 8-4 (Initial Decision of MSPB, May 20, 2011).

On September 6, 2011, Chin-Young filed his first petition for enforcement of the settlement agreement entered into on May 19, 2011, asserting that the Army had failed to comply with the agreement. ECF No. 8-5, at 2 (MSPB Initial Decision, June 20, 2012). The Army submitted evidence to show that it was trying to comply with the terms of the agreement, but was hampered from doing so due to a delay in responding from the National Personnel Records Center. *Id.* The MSPB administrative judge dismissed the petition for enforcement, inasmuch as the parties agreed to modify the original settlement agreement with additional terms to reflect how they would deal with the raised issues. *Id.* at 3.

On February 21, 2012, Chin-Young filed a second petition for enforcement of the settlement agreement entered into on May 19, 2011, again asserting that the Army had failed to

2

comply with the agreement. *Id.* at 4. The Army submitted evidence demonstrating that it was either in compliance with the matters complained of or that Chin-Young was attempting to raise new matters that were never covered in the original or modified settlement agreements. *Id.* at 5. The MSPB administrative judge found in favor of the Army, and held that the Army was in compliance with the settlement agreement. *Id.* at 10. The full board of the MSPB denied Chin-Young's petition for review of the administrative judge's initial decision on November 14, 2013, and informed Chin-Young that he had sixty days to appeal that decision to the Court of Appeals for the Federal Circuit. ECF No. 8, at 3. On December 13, 2013, Chin-Young filed the instant action in this Court. ECF No. 1.

## DISCUSSION

The Complaint is far from a model of clarity—asserting a plethora of federal violations ostensibly related to employment discrimination, such as due process and privacy harms in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution; numerous torts in violation of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680, the Health Insurance Portability Accountability Act, 42 U.S.C. § 1320d, the Privacy Act of 1974, 5 U.S.C. § 552a, and the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601; and damages and injunctive relief from his former supervisors, Kathleen Cole and Denise Price, for alleged violations of his Constitutional rights under 42 U.S.C. § 1983. *Id.* Other than his bare assertion of the law, Chin-Young does not state any facts whatsoever to support a plausible theory of recovery against Defendants and the Complaint, as it pertains to these federal laws, is insufficient to satisfy Federal Rule of Civil Procedure 12(b)(6). Chin-Young, however, does address his claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a) and the Age Discrimination in

Employment Act, 29 U.S.C. §§ 621, and it appears from the facts pled that Chin-Young wants to reinstate all of his claims previously resolved by the settlement agreement. ECF No. 2.

The Civil Service Reform Act of 1978 comprehensively overhauled the civil service system. *Lindahl v. Office of Pers. Mgmt.,* 470 U.S. 768, 773–74 (1985). First, Congress abolished the Civil Service Commission and created the Office of Personnel Management ("OPM"), which is now responsible for administering the Retirement Act. *Id.* at 774 (citing 5 U.S.C. § 8347(a)). Second, Congress created the MSPB, and directed that one of its duties would be to review OPM's decisions in Retirement Act cases "under procedures prescribed by the Board." *Id.* at 774–75 (citing 5 U.S.C. § 8347(d)(1)). Third, Congress created a new framework for evaluating adverse personnel actions against "employees" and "applicants for employment." *Id.* at 775. It established exacting standards for review of such actions by the MSPB, provided that "employees" and "applicants for employment" could obtain judicial review of MSPB decisions, and specified the standards for judicial review of such actions. *Id.* at 775 (citing 5 U.S.C. §§ 7701, 7703). Fourth, Congress provided generally that jurisdiction over "a final order or final decision of the Board" would be in the Court of Claims, pursuant to the Tucker Act, or in the regional courts of appeals, pursuant to 28 U.S.C. § 2342. *Id.* at 775 (citing 5 U.S.C. § 7703(b)(1)).

Finally, under the Federal Courts Improvement Act of 1982, Congress combined the appellate portions of the Court of Claims' Tucker Act jurisdiction with certain elements of the regional courts of appeals' jurisdiction, and vested jurisdiction over these matters in a new United States Court of Appeals for the Federal Circuit. *Id.* at 775 (citing 28 U.S.C. § 1295). Whereas the Court of Claims and the regional courts of appeals formerly shared jurisdiction over appeals from the MSPB, the Federal Circuit now has exclusive jurisdiction "of an appeal from a

final order or final decision" of the MSPB. *Id.* at 775 (citing 5 U.S.C. § 7703(b)(1)). The exclusivity of the Federal Circuit's jurisdiction, however, does not extend to "mixed cases"—employment discrimination cases stemming from adverse actions that are appealable to the MSPB. 29 C.F.R. § 1614.302(a)(2). In a "mixed case," jurisdiction lies in the federal district courts pursuant to 5 U.S.C. § 7703(b)(2). Chin-Young has not brought a mixed case.

Chin-Young states that he was "disciplined and fired by peers for insubordination when they had no supervisory authority over [his] position," and that he was subjected to fabricated charges and discriminatory action during the period that he was assigned on a common project. ECF No. 2, at 4. Yet, Chin-Young provides no information that might lead to a reasonable conclusion that some plausible federal cause of action has accrued on his behalf, or that his claims have been exhausted at the administrative level. The underlying MSPB decision in this case involved only a motion to enforce a settlement agreement—the claims Chin-Young raises here were not before the MPSB or decided on the merits by the MSPB. To the contrary, the MSPB administrative judge did not address Chin-Young's discrimination claims because he reached a settlement with the agency prior to a determination on his claims. That settlement became the final order of the MSPB on his "mixed case" on June 24, 2012. Chin-Young subsequently filed two petitions for enforcement of the settlement agreement with the MSPB, and now comes to this Court based, not on an appeal that involved his discrimination claims, but on a decision by the MSPB on his petition for enforcement.

The underlying administrative decision in this case is a Final Decision from the MSPB denying Chin-Young's petition for enforcement of a settlement agreement. This Court lacks jurisdiction to review dismissal of Chin-Young's claims, given that Chin-Young's discrimination claims were never addressed by the MSPB, that he has not brought a "mixed case" subject to this

Court's review under 5 U.S.C. § 7703(b)(2), and that exclusive jurisdiction over his claims lies in the Federal Circuit. *Oja v. Department of the Army*, 405 F.3d 1349, 1355 (Fed. Cir. 2005) (citing *King v. Reid*, 59 F.3d 1215, 1218–19 (Fed. Cir. 1995)). Chin-Young was required to appeal, within sixty days, to the Court of Appeals for the Federal Circuit. He failed to do so, and thus, the Complaint may be dismissed *sua sponte* for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

Accordingly, it is this 31st day of March, 2015, by the United States District Court for the District of Maryland,

**ORDERED**, that Defendants' Motion to Dismiss (ECF No. 8) is hereby **GRANTED** and the Complaint is hereby **DISMISSED**; and it is further

**ORDERED**, that Plaintiff's Second and Third Amended Complaints (ECF Nos. 5, 6) are hereby **DISMISSED** in violation of Fed. R. Civ. P. 15; and it is further

**ORDERED**, that judgment for costs is hereby **ENTERED** in favor of Defendant; and it is further

**ORDERED**, that the Clerk is hereby **DIRECTED** to close this case; and it is further

**ORDERED**, that the Clerk is **DIRECTED** to mail a copy of this Order to Plaintiff and Counsel of Record.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE